UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: IN THE MATTER OF                          CIVIL ACTION

QUNSTON T. COLEMAN                               NO: 16-12499

AND YOLANDA A. COLEMAN                           SECTION: "S" (1)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Appellees' Motion to Dismiss (Doc. #2) is **GRANTED**, and this matter is **DISMISSED** for lack of jurisdiction.

BACKGROUND

This matter is before the court on a motion to dismiss for lack of jurisdiction filed by appellees: Barclays Capital Real Estate Inc.; Mortgage Electronic Registration Systems, Inc., incorrectly identified as Mortgage Electronic Registration System; Ocwen Loan Servicing, L.L.C., as successor-in-interest to Seneca Mortgage Servicing, L.L.C.; Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, in its capacity as Trustee of ARLP Trust 2, as successor-in-interest to The Bank of New York Mellon Trust Company, N.A., a Grantor Trustee of Protium Master Grantor Trust; EquiFirst Corporation, Homeq Servicing, and Statebridge Company, LLC. Appellees argues that this court lacks jurisdiction over the appeal because appellants, Qunston and Yolanda Coleman, did not timely file their notice of appeal under Rule 8002 of the Federal Rules of Bankruptcy Procedure.

Appellants filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana. They also filed the adversary proceeding that is the subject of this appeal in connection with that bankruptcy proceeding. On April 14, 2016, the bankruptcy judge issued a memorandum opinion and judgment that order appellees to pay $2,065.08 to appellants and dismissed appellants' remaining claims. On May 13, 2016, appellants filed a notice of appeal in the

bankruptcy court seeking to appeal the judgment to the United States Court of Appeals for the Fifth Circuit. On May 16, 2016, the bankruptcy judge entered an order denying certification of a direct appeal to the circuit court and ordered that the Notice of Appeal "shall proceed as a regular appeal to the district court." On May 20, 2015, appellees filed in the bankruptcy court a motion to dismiss the appeal. On July 7, 2016, appellants filed the Notice of Appeal in the United States District Court for the Eastern District of Louisiana.

Thereafter, appellees filed the instant motion to dismiss arguing that the appeal must be dismissed for lack of jurisdiction because the Notice of Appeal was untimely. Appellants argue that the appeal should not be dismissed because their attorney said she would not represent them in an appeal, and told them that they had 30 days to file the appeal.[1]

## ANALYSIS

A district court's jurisdiction to hear appeals from the bankruptcy court is defined by 28 U.S.C. § 158, which provides that an appeal must be made in the time provided by Rule 8002 of the Federal Rules of Bankruptcy Procedure. 28 U.S.C. § 158(c)(2). Under Rule 8002, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002. The United States Court of Appeals for the Fifth Circuit has held that the time limit set forth in Rule 8002 is jurisdictional. In re Berman-Smith, 737 F.3d 997, 1003 (5th Cir. 2013); see also Matter of Lacey, 114 F.3d 556, 557 (5th Cir. 1997) ("[a] timely notice of appeal is mandatory and jurisdictional, and [the court] ha[s] no power to enlarge the

---

[1] Appellants also point to various errors they allege were made in the bankruptcy proceeding as reasons for not dismissing the appeal. These arguments need not be addressed because they are irrelevant to the timeliness issue presented in appellees' motion.

time for filing a notice of appeal under any circumstances."). Thus, the district court lacks jurisdiction to hear an appeal from the bankruptcy court if the appellant fails to file a timely notice of appeal.

In this case, the bankruptcy court entered judgment in the adversary proceeding on April 14, 2016. Twenty-nine days later, on May 13, 2016, appellants filed a notice of appeal in the bankruptcy court. Although appellants argue that the 14-day time limit should not apply to them because their attorney told them they had 30 days to file an appeal, the United States Court of Appeals for the Fifth Circuit has held that the 14-day period is jurisdictional and cannot be expanded under any circumstances. Matter of Lacey, 114 F.3d at 557. Because appellants did not file a notice of appeal within 14 days, this court lacks jurisdiction over the appeal, and appellees' motion to dismiss is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Appellees' Motion to Dismiss (Doc. #2) is **GRANTED**, and this matter is **DISMISSED** for lack of jurisdiction.

New Orleans, Louisiana, this  29th  day of August, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**